IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,
Plaintiff,

v.

CRIM. NO. 17-0606 (ADC)

RADAMES ROBLES-MELÉNDEZ,
Defendant.

PLEA AGREEMENT
(Pursuant to Rule 11(c)(1)(A) & (B))

TO THE HONORABLE COURT:

COMES NOW the United States of America through its counsel Rosa Emilia Rodríguez-Vélez, United States Attorney for the District of Puerto Rico; José Capó-Iriarte, Assistant United States Attorney, Chief, Criminal Division; Myriam Fernández-González, Assistant U.S. Attorney, Unit Chief, Financial Fraud and Corruption Unit; Amanda C. Soto-Ortega, Special Assistant U.S. Attorney; defendant's counsel, Artemio Rivera, Esq.; and defendant **RADAMES ROBLES-MELÉNDEZ**, pursuant to Rule 11(c)(1)(A) of the Federal Rules of Criminal Procedure, state to this Honorable Court, that they have reached an agreement, the terms and conditions of which are as follows:

1. **COUNTS TO WHICH DEFENDANT PLEADS GUILTY:**

The defendant, **RADAMES ROBLES-MELÉNDEZ**, agrees to plead guilty to **COUNT ONE** of the Information. **COUNT ONE** of the Information charges him with theft of government funds, in violation of Title 18, United States Code, Section 641 (misdemeanor).

**COUNT ONE** charges:

From on or about January 11, 2007 through on or about November 24, 2008, approximately, in the District of Puerto Rico and elsewhere, the defendant,

## RADAMES ROBLES-MELENDEZ,

aiding and abetting others, did knowingly and willfully, embezzle, steal, purloin, and convert to his use, and the use of another, vouchers, money, and things of value of the United States, and a department, and an agency thereof, to wit: the National Guard Bureau, a unit of the Department of Defense, the value which does not exceed the sum of $1,000, and received, concealed, and retained the same, with intent to convert it to his use and gain, knowing to have been embezzled, stolen, purloined, and converted. All in violation of Title 18, United States Code, Section 641 and 2.

### 2. STATUTORY PENALTIES

The statutory penalty for Title 18, United States Code, Section 641, Class A misdemeanor is a term of imprisonment of not more than one (1) year, a fine of not more than one hundred thousand dollars ($100,000.00), or both, and a term of supervised release of not more than one (1) year in addition to any term of incarceration.



### 3. SPECIAL MONETARY ASSESSMENT

Defendant understands that the Court must impose a mandatory penalty assessment of twenty-five dollars ($25.00) per count of conviction, for a total of twenty-five dollars ($25.00) to be deposited in the Crime Victim Fund, pursuant to Title 18, United States Code, Section 3013. Prior to or at the time of sentencing, the defendant shall pay the special monetary assessment pursuant to Title 18, United States Code, Section 3013(a).

### 4. FINES AND/OR RESTITUTION

The Court may, pursuant to Section 5E1.2(I) of the Sentencing Guidelines, Policy Statements, Application, and Background Notes, order the defendant to pay a fine sufficient to reimburse the government for the costs of any imprisonment and/or supervised release ordered. In addition to the other penalties provided by law, the Court may also order the defendant to make

restitution under Title 18, United States Code, Section 3663. The defendant understands that restitution may be ordered by the court to all victims of the defendant's criminal conduct and not merely for those victims included in the Count to which the defendant agrees to plead guilty. The defendant agrees to execute a financial statement to the United States (OBD Form 500) and **provide restitution of one thousand ($1,000) dollars**.

5. **PAYMENT OF INCOME TAXES**

The defendant agrees to prepare and file amended individual income tax returns, if necessary for tax years 2007-2008 by no later than the time of sentencing. The defendant agrees to pay all taxes, interest, and penalties due and owing to the IRS, including all taxes, interest and penalties on the defendant's individual and related corporate-entity liabilities for tax years 2007-2008, by no later than the time of sentencing. Nothing in this plea agreement shall limit the Internal Revenue Service ("IRS") in its civil determination, assessment, and collection of any taxes, interest, and/or penalties that the defendant may owe.

6. **RULE 11(c)(1)(B) WARNINGS**

The defendant is aware that the defendant's sentence is within the sound discretion of the court, but the same may be imposed following the United States Sentencing Guidelines, Policy Statements, Application and Background Notes, as advisory to the imposition of sentence. The defendant is aware that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for the offense to which the defendant pleads guilty. If the Court should impose a sentence up to the maximum established by statute, the defendant cannot, for that reason alone, withdraw the guilty plea and will remain bound to fulfill all of the obligations under this Plea Agreement.

7. **ADVISORY NATURE OF THE SENTENCING GUIDELINES**

The defendant is aware that pursuant to the United States Supreme Court decision in United States v. Booker, 543 U.S. 220 (2005), the Sentencing Guidelines are advisory.

8. **SENTENCING GUIDELINE CALCULATIONS**

The United States and the defendant agree that the following Sentencing Guideline calculations apply to the defendant's conduct with regard to **COUNT ONE** of the Information.

| SENTENCING GUIDELINE CALCULATION FOR COUNT ONE T. 18 USC § 641 (misdemeanor) | |
|---|---|
| Base Offense Level, U.S.S.G. § 2B1.1(a)(2) | 6 |
| Acceptance of Responsibility, U.S.S.G. § 3E1.1(a) | -2 |
| **TOTAL ADJUSTED OFFENSE LEVEL** | 4 |
| **IMPRISONMENT RANGE IF CRIMINAL HISTORY CATEGORY I** | (0-6) Months (Zone A) |



9. **SENTENCE RECOMMENDATION**

Pursuant U.S.S.G §5B1.1(a)(1), the United States and the defendant agree to recommend a sentence of one (1) year in probation. Any recommendation other than what is stated herein would constitute a breach of the plea agreement.

10. **NO FURTHER ADJUSTMENTS OR DEPARTURES**

The United States and the defendant agree that no further adjustments or departures to the defendant's total offense level shall be sought by the parties. Moreover, the defendant agrees that he will not seek under any of the factors contained in Title 18, United States Code, Section 3553, a sentence more lenient than the one detailed in the previous paragraph, as the same is a reasonable sentence.

11. **NO STIPULATION AS TO CRIMINAL HISTORY CATEGORY**

The parties do not stipulate any assessment as to the defendant's Criminal History

Category.

12. **DISMISSAL OF INDICTMENT**

At sentencing, the government will move to dismiss the counts in the Superseding Indictment, Criminal Case No. 15-659 (ADC).

13. **SATISFACTION WITH COUNSEL**

The defendant represents to the Court that he is satisfied with his legal counsel Artemio Rivera, Esq., and further indicates that has rendered effective legal assistance.

14. **RIGHTS SURRENDERED BY DEFENDANT THROUGH GUILTY PLEA**

Defendant understands that by entering into this Agreement, she surrenders certain rights as provided herein. Defendant understands that the right of criminal defendants includes the following:

   a. If the defendant had persisted in a plea of not guilty to the charges, defendant would have the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if the defendant, the United States and the judge agree.

   b. If a jury trial is conducted, the jury would be composed of twelve lay persons selected at random. The defendant and defendant's attorney would assist in selecting the jurors by removing prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges. The jury would have to agree, unanimously, before it could return a verdict of either guilty or not guilty. The jury would be instructed that the defendant is presumed innocent that it could not convict the defendant unless, after hearing all the evidence, it was persuaded of the defendant's

guilt beyond a reasonable doubt, and that it was to consider each charge separately.

   c. If a trial is held by the judge without a jury, the judge would find the facts and, after hearing all the evidence and considering each count separately, determine whether or not the evidence established the defendant's guilt beyond a reasonable doubt.

   d. At trial, the United States would be required to present its witnesses and other evidence against the defendant. The defendant would be able to confront those witnesses and defendant's attorney would be able to cross-examine them. In turn, the defendant could present witnesses and other evidence in defendant's own behalf. If the witnesses for the defendant would not appear voluntarily, defendant could require their attendance through the subpoena power of the Court.

   e. At trial, the defendant could rely on the privilege against self-incrimination to decline to testify, and no inference of guilt could be drawn from her refusal to testify. If the defendant desired to do so, the defendant could testify in her own behalf.

**15. STATEMENT OF FACTS**

The accompanying Statement of Facts signed by the defendant is hereby incorporated into this Plea Agreement. The defendant adopts the Statement of Facts and agrees that the facts therein are accurate in every respect and, had the matter proceeded to trial, the United States would have proven those facts beyond a reasonable doubt.

**16. LIMITATIONS OF PLEA AGREEMENT**

This Plea Agreement binds only the United States Attorney's Office for the District of Puerto Rico and the defendant. It does not bind any other federal district, state or local authorities. Furthermore, the defendant is fully aware that the Court is not bound by this Plea Agreement, nor

is it bound by the advisory sentencing guidelines calculations, any stipulations, or any sentence recommendations.

17. **ENTIRETY OF PLEA AGREEMENT**

This written Agreement constitutes the complete Plea Agreement between the United States, the defendant, and the defendant's counsel. The United States has made no promises or representations except those set forth in writing in this Plea Agreement. The United States further denies the existence of any other terms or conditions not stated herein.

18. **AMENDMENTS TO PLEA AGREEMENT**

No other promises, terms or conditions will be entered into unless they are in writing and signed by all the parties.

19. **WAIVER OF APPEAL**

The defendant hereby agrees that if this Honorable Court accepts this Plea Agreement and sentences the defendant according to its terms, conditions and recommendations, the defendant then waives and permanently surrenders his right to appeal the judgment and sentence in this case.

**[INTENTIONALLY LEFT BLANK]**

## 20. VOLUNTARINESS OF GUILTY PLEA

The defendant hereby acknowledges that no threats have been made against him and that he is pleading guilty freely and voluntarily because he is truly guilty.

**ROSA EMILIA RODRIGUEZ-VELEZ**
UNITED STATES ATTORNEY

_____
**José Capó-Iriarte**
Assistant United States Attorney
Chief, Criminal Division
Dated: 2-3-17

_____
**Myriam Fernández-González**
Assistant United States Attorney
Chief, Financial Fraud and Public Corruption
Dated:

_____
**Amanda C. Soto-Ortega**
Special Assistant United States Attorney
Dated: 2-3-2017

_____
Artemio Rivera, Esq.
Counsel for Defendant
Dated: 6 February 2017

_____
**RADAMES ROBLES-MELÉNDEZ**
Defendant
Dated: 6 Feb 2017

## ACKNOWLEDGMENT OF RIGHTS

I hereby certify that I have consulted with my attorney and I fully understand all my rights with respect to the Indictment pending against me. I also fully understand my rights with respect to the provisions of the Sentencing Guidelines, as well as the Policy Statements, Application, and Background Notes which may apply in my case. My counsel has translated the plea agreement to me in the Spanish language and I have no doubts as to the contents of the agreement. I fully understand this agreement and I voluntarily agree to it.

Date: 6 Feb. 2017

RADAMES ROBLES-MELÉNDEZ
Defendant

I am the attorney for the defendant. I have fully explained to the defendant her rights with respect to the pending Indictment. Further, I have reviewed the provisions of the Sentencing Guidelines, Policy Statements, Application and Background Notes, and I have fully explained to the defendant the provisions of those guidelines which may apply in this case. I have carefully reviewed every part of the plea agreement with the defendant. I have translated the plea agreement and explained it in the Spanish language to the defendant who has expressed having no doubts as to the contents of the agreement. To my knowledge, the defendant is entering into this agreement voluntarily, intelligently and with the full knowledge of all the consequences of her guilty plea.

Date: 6 February 2017

Artemio Rivera, Esq.
Counsel for Defendant

# STATEMENT OF FACTS

In conjunction with the Plea Agreement, the United States of America submits the following statement of the facts leading to the defendant's acceptance of criminal responsibility. If this case had gone to trial, the United States would have proven beyond a reasonable doubt all of the elements of the Count ONE as charged in the Information, including the following specific facts:

From January 11, 2007 through on or about November 24, 2008, Radames Robles-Meléndez, aiding and abetting others, engaged in a scheme to embezzle government funds. The G-RAP was a recruiting program that was designed to offer referral payments to Army National Guard Soldiers to recruit civilians to serve in the Army National Guard.

Defendant Robles-Meléndez applied for the G-RAP payments using personal identifiable information (PII) given Freddie García-Ruiz, who went to Edwin Izquierdo-Montanez recruitment office seeking for orientation to enlist in the PRNG (PRNG). Defendant Robles-Meléndez received a payment of $1,000 that was deposited by Docupak in his personal bank account based on the misrepresentations of García-Ruiz's recruitment process.

Defendants' scheme included knowingly nominating García-Ruiz, and by submitting this nomination, he embezzled a fraudulent referral payment of the G-RAP program, that would create an interstate wire transfer to Robles-Meléndez bank account.

In furtherance of the embezzlement of government funds, Docupak's files, PRNG files, bank records, and other documentary evidence, will show that co-defendants Radames Robles-Meléndez applied and received a fraudulent G-RAP payment by providing personal information of García-Ruiz and submitting his recruitment through the G-RAP program when in fact García-Ruiz was not recruited through the program.

| Overt Act | Transaction Date | Fraudulent Bonus Amount | Account Where Bonus Received | Recruited Soldier |
|---|---|---|---|---|
| 1 | 04/04/2007 | $1,000, from which ROBLES-MELENDEZ received a referral bonus for GARCIA-RUIZ's recruitment | ROBLES-MELENDEZ's Bank Account | GARCIA-RUIZ |

Had this case gone to trial, the United States would have proven the aforementioned facts through the presentation of witness testimony and documentary evidence.

Full discovery has been provided to the defendant in accordance with Rule 16 of the Federal Rules of Criminal Procedure.

_____
**Amanda C. Soto-Ortega**
Special Assistant United States Attorney
Dated: 2-3-17

_____
**RADAMES ROBLES-MELENDEZ**
Defendant
Dated: 6 Feb/2017

_____
**Artemio Rivera, Esq.**
Counsel for Defendant
Dated: 6 February 2017